**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN NICOLAU IMPERIO, | No. 12-70751 |
| Petitioner, | Agency No. A087-451-183 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013**

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Juan Nicolau Imperio, a native and citizen of the Philippines, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen.  *Mohammed v. Gonzales,* 400

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791-92 (9th Cir. 2005). We deny in part and grant in part the petition for review, and remand.

The BIA did not abuse its discretion in denying Imperio's motion to reopen for failure to establish ineffective assistance of counsel because he was pro se at the time he waived his asylum claim before the immigration judge. *See id.* at 793 (petitioner must demonstrate that counsel failed to perform with sufficient competence).

The BIA also did not abuse its discretion in denying Imperio's motion to reopen for failure to establish prima facie eligibility for adjustment of status. *See* 8 U.S.C. § 1255(a)(3) ("an immigrant visa [must be] immediately available to the alien at the time the application [for adjustment of status] is filed").

The BIA failed to address Imperio's contention that he met the statutory requirements for cancellation of removal. Because "this court cannot affirm the BIA on a ground upon which it did not rely," *Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir. 2000), we remand the case to the BIA to address Imperio's eligibility in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16 (2002) (per curiam).

The parties shall each bear their own costs for their petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

12-70751